**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KATHY SMITH,
MICHELLE PADILLA,
NORMA HOLGUIN,
EDNA ROGERS,

    Plaintiffs,

v.   No. CV 08-0557 MCA/DJS

STATE OF NEW MEXICO
NMWCF AT GRANTS (C.C.A.),
WARDEN ALLEN COOPER,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*. By order entered on March 31, 2010, the Court denied Defendants' motion to dismiss Plaintiffs' Equal Protection claims and those regarding "Lump Sum Awards" and "Jacket Reviews." The Court granted the motion as to Plaintiffs' claims of denial of medical care and legal access, and dismissed these claims without prejudice to Plaintiffs' right to amend their complaint. Because Plaintiffs have not filed a second amended complaint, their claims of denial of medical care and legal access will be dismissed with prejudice.

On further review of Plaintiffs' complaints (Docs. 1, 25), *see* 28 U.S.C. § 1915(e)(2) (authorizing dismissal of an in forma pauperis complaint *sua sponte* "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted.") (emphasis added), it appears that Plaintiffs' claims against Defendant State of New Mexico are barred by either of two related doctrines. Where a plaintiff attempts to initiate an action under § 1983 in federal

court against a State, "the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)); *and see Wood v. Milyard*, No. 10-1169, 2011 WL 103029, at *2 (10th Cir. Jan. 13, 2011) (ruling that claims against state agency for prospective relief premised on state law are not cognizable under § 1983). The Court will dismiss Plaintiffs' claims against Defendant State of New Mexico. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

Furthermore, several mailings to Plaintiff Rogers have been returned undelivered with a notation that she no longer resides at the address on the docket and has provided no forwarding address. Plaintiff Rogers has failed to advise the Court of her current address, as required by D.N.M.LR-Civ 83.6. This failure to comply with the Court's local rules demonstrates a lack of interest in litigating her claims. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Court will dismiss Plaintiff Rogers's claims without prejudice, and will direct Defendants to answer Plaintiffs' complaints.

IT IS THEREFORE ORDERED that Plaintiffs' claims of denial of medical care and legal access are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiffs' claims against Defendant State of New Mexico are DISMISSED with prejudice, and Defendant State of New Mexico is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff Rogers's claims are DISMISSED without prejudice, and Plaintiff Rogers is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that, according to Fed. R. Civ. P. 12(a)(4)(A), Defendants are directed to answer Plaintiffs' original and amended complaints (Docs. 1, 25).

_____
UNITED STATES DISTRICT JUDGE